UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HADDAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 2:20-CV-396-PPS-JEM |
| | ) |
| MIDWEST PIPECOATING, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court are three motions: Defendant Midwest Pipecoating, Inc.'s Motion for Protective Order Supervising Plaintiff Discovery or Contempt, and Plaintiff Robert Haddad's two motions for summary judgment. [DE 28, 30, 32.] In a telephonic conference held with Magistrate Judge Martin on March 3, 2022, Haddad stated that his motions for summary judgment were intended as his response to Midwest's motion as well as separate motions and that he will not be filing any additional briefing. [DE 34.] Therefore, the motions are ready for disposition.

### Motion for Protective Order

For a bit of background, Haddad is suing his previous employer (Midwest) for discriminating against him on the basis of his national origin. Haddad, an American with Jordanian and Syrian heritage, was hired as an IT consultant with Midwest in February 2019. [DE 1 at ¶¶8, 9; DE 29.] Haddad claims that Midwest discriminated against him by requiring him to report his demographics, by allowing employees to make inappropriate jokes about middle eastern countries, by allowing his manager to racially slur him by his

intonation of the word "Arab" as "AY-RAB," and for firing him due to his Middle Eastern heritage. [DE 1.] Midwest tells a different story. They say Haddad was canned due to his "rude, arrogant, insubordinate, deceitful, manipulative, quarrelsome, vindictive, and erratic" behavior. [DE 29 at 2.]

Midwest alleges that Haddad's conduct has been threatening, abusive, and unprofessional. On January 18, 2022, Haddad notified Midwest that he terminated his counsel and is proceeding *pro se*. [DE 29 at 2.] Haddad's lawyers were granted leave to withdraw on January 21, 2022. [DE 27.] Since Haddad's notice, Midwest states it has received a large number of emails from Haddad, which were unprofessional in nature and included multiple cumbersome discovery requests.

Midwest requests that the Court quash Haddad's Second and Third Sets of Interrogatories and Second Production Requests and Notice for Deposition of Bernadette Cwik, impose reasonable constraints on Haddad's future conduct, or dismiss this case with prejudice. I will construe Haddad's Motion for Summary Judgment as a response to this motion based on his comments in the telephonic conference with Judge Martin.

Taking into consideration Haddad's choice to represent himself while seeking new counsel, the parties are advised that pursuant to Local Rule 26-2(a)(2)(A), all discovery material in this case must be filed with the court. N.D. Ind. L.R. 26-2(a)(2)(A). Therefore, Midwest's request for Court supervision regarding discovery is granted. The parties are to comply with Judge Martin's orders staying discovery in this case. [DE 27, 34.] The Court has incidental power to stay proceedings, which comes from its inherent

power to manage the docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). During a discovery stay, the parties may not exchange discovery until the stay has been lifted. At this time, Judge Martin has required the parties to file a discovery status report with the court by March 14, 2022 and will allow the parties to object by March 24, 2022. All future discovery will be supervised by Judge Martin and the parties shall comply with Judge Martin's orders.

Midwest's request for sanctions in this case, including dismissal is denied. Federal Rule of Civil Procedure 37 allows for certain sanctions during discovery, such as non-compliance with a court order or failure to properly comply with discovery rules. FED. R. CIV. P. 37. While Midwest's claims that Haddad has been unprofessional and discourteous are concerning, they do not rise to the level of requiring sanctions, at least not now. Therefore, I decline to impose sanctions on Haddad.

## Motions for Summary Judgment

Haddad stated in the telephonic conference with Judge Martin that he considered his Motions for Summary Judgment to also be considered separately from Midwest's Motion. [DE 34.] The motions are essentially duplicates so I will consider them as one.[1] In his Motion, Haddad seeks summary judgment and dismissal of Midwest's counterclaims. Midwest claims Haddad's Motion is procedurally defective. Haddad has not filed a reply. *Id*. As an initial matter, the Court must address

---

[1] The substance of Haddad's Motions for Summary Judgment [DE 30, 32] are essentially identical. The text of the Motions and Briefs are identical, and the contents of the supporting attachments contain the same information, but the attachments are out of order or without cover sheets.

deficiencies in Haddad's Motion for Summary Judgment. Both the Federal Rules of Civil Procedure and the Northern District of Indiana require that a Motion for Summary Judgment comport with the rules in ordered to be considered. In seeking summary judgment, Haddad must show "there is no genuine issue as to any material fact and [he] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). He must support this by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other adverse materials." FED. R. CIV. P. 56(c)(1)(A). He may also show that the cited materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce evidence to support that fact." FED. R. CIV. P. 56(c)(1)(B). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party – Midwest in this case. *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020) (internal citation and quotations omitted). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Local Rule 56-1 requires Haddad as the moving party to "include a section labeled 'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). However, Haddad's Motion does not contain the required "Statement of Material Facts" nor does it identify the facts that he contends are genuinely not disputed. While I may liberally construe the pleadings of *pro se* individuals, I am not required to search the record to find support

for Haddad's position. *Greer v. Bd. Of Educ. of City of Chi., Ill.*, 267 F.3d 723, 727 (7th Cir. 2001). Because Haddad failed to comply with both the Federal and Local rules, I have no choice but to deny his motion. However, I do so without prejudice – that is, Haddad may file a Motion for Summary Judgment in the future. However, Haddad is strongly cautioned that any future motions must comply with the Federal and Local rules and that continued noncompliance may be met with sanctions.

ACCORDINGLY:

The Motions for Summary Judgment are **DENIED WITHOUT PREJUDICE**. [DE 30, 32.]

The Motion for Court Supervision of Discovery and/or Sanctions is **GRANTED IN PART, DENIED IN PART**. [DE 28.]

The parties are **ORDERED** to comply with Judge Martin's stay of discovery, his order to file a discovery status report, and his imposed deadlines. [DE 34.]

Defendant's request as it pertains to sanctions is **DENIED WITHOUT PREJUDICE**.

SO ORDERED.

ENTERED: March 11, 2022. /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT