UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HADDAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIDWEST PIPECOATING, INC., )<br>)<br>Defendant. ) | Cause No. 2:20-CV-396-PPS-JEM |

## ORDER

Through this action, Robert Haddad asserts claims for employment discrimination and retaliation under Title VII and 42 U.S.C. § 1981. [DE 51.] Following the execution of a written settlement agreement, the parties have filed a stipulation to dismiss the case with prejudice. [DE 89.] Also pending is a motion to adjudicate certain attorneys' liens attaching to the proceeds of the settlement. [DE 80.] I have been separately advised by counsel for Midwest Pipecoating, Inc. that the attorneys' lien issue has been resolved and the parties anticipated filing their stipulation of dismissal after all required payments were made from the settlement proceeds. The stipulation thus requests that this motion be withdrawn as moot. [DE 89.]

The stipulation states that the parties agree to the dismissal with prejudice of the case in its entirety, including all claims and counterclaims, and requests that I retain jurisdiction to enforce certain provisions in their underlying settlement agreement. Typically, a joint stipulation of dismissal filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) "terminates the case all by itself," takes effect upon filing, and

requires no judicial approval. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624-25 (7th Cir. 2007). I do not have jurisdiction to enforce the terms of a settlement agreement simply because dismissal of a lawsuit is premised upon that agreement, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380–82 (1994), and if a suit is dismissed with prejudice, I cannot adjudicate disputes arising from the settlement simply by saying that I am retaining jurisdiction, *Balshe LLC v. Ross*, 441 F.App'x 395, 396 (7th Cir. 2011); *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007).

As I explained in my prior opinion and order [DE 88], and the parties have now addressed in their renewed stipulation to dismiss [DE 89], if an order of dismissal or judgment explicitly incorporates the settlement terms, or explicitly reserves authority to enforce terms of the settlement for a limited time, I possess ancillary jurisdiction to enforce those terms. *Kokkonen*, 511 U.S. at 380–82. The circuit has explained that an order of this variety is essentially a form of an injunction, and thus must comply with Rule 65(d)'s requirement that "[e]very order granting an injunction . . . shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the acts sought to be restrained." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006); *Shapo v. Engle*, 463 F.3d 641, 644–45 (7th Cir. 2006).

In light of these principles, the parties' proposed Joint Stipulation to Dismiss and Motion for Court to Retain Jurisdiction [DE 89] is, as follows:

1. This action is hereby **DISMISSED WITH PREJUDICE**, without costs to any party.

2. The Court shall retain jurisdiction over the parties solely to enforce the following terms of their fully executed written settlement agreement:

   a. Haddad shall not enter onto Midwest Mipecoating, Inc.'s ("MPC") physical premises (the facility located at 925 Kennedy Ave, Schererville, IN 46375, including all buildings, parking lots, and facilities appurtenant thereto) at any time. Haddad will not, directly or indirectly, personally or through any agent or intermediary, attempt to access the computer networks and systems of MPC, its parent McCrossan, or any of McCrossan's other subsidiaries and affiliates. Haddad will not, directly or indirectly, personally or through any agent or intermediary, attempt to interfere with MPC's relationships with its customers, supplier, or employees. Haddad will not apply for employment at MPC, McCrossan, or any other McCrossan subsidiary.

      *See* Settlement Agreement, ¶ 4.

   b. Haddad will not, directly or indirectly, personally or through any agent or intermediary, engage in any behavior designed, intended, or having the effect to harass, intimidate, threaten, harm, or retaliate against MPC, McCrossan, or any current or former employees or agents of either, including but not limited to Joel Chermak, Jeff Clapman, Aaron Juarez, Bruce Zamaere, Nancy Morgan, Kathy Walsh, Christy Crowley, Chuck Sajda, Bernadette Cwik, and Hinshaw & Culbertson LLP or any current or former attorney or non-attorney employee affiliated therewith. Such retaliatory behavior will include, without limitation, the filing of any criminal complaint, or any civil, administrative, or regulatory complaint, or the public posting on social media or private delivery through email, text message, voice message, or any other means, of any threat or purported prediction of physical harm, criminal prosecution, or professional complaint. MPC will not retaliate against Haddad.

      *See* Settlement Agreement, ¶ 5.

   c. The parties agree that MPC's business information, including but not limited to its client list, client requirements and information, pricing formulas, rates, business plans, and financial data, are confidential, and that Haddad will not disclose them to anyone or

3

        use them for his own benefit at any time. Immediately upon execution of the settlement agreement, Haddad will delete or otherwise destroy any MPC data in his possession, including but not limited to such client data, and any video uploaded from MPC's security system.

        *See* Settlement Agreement, ¶ 6.

d.    Haddad agrees not to disparage MPC, McCrossan, or any employee or agent of either, including current or former employees, and counsel (Hinshaw & Culbertson LLP and any attorney or non-attorney associated therewith) and MPC agrees not to disparage Haddad. This non-disparagement provision is binding on the parties and any agents therefor, including Haddad's family members. MPC agrees to provide a neutral reference in the event Haddad requires a reference to obtain future employment. That reference shall consist only of confirmation that Haddad was employed by MPC, his title, and the dates of his employment. Haddad will not post any negative comments or reviews about MPC on any social media site, including but not limited to Facebook, Instagram, Yelp, Glass Door, Indeed, LinkedIn, or Google, and will remove or delete such existing comments or reviews. MPC will not post such negative comments or reviews about Haddad.

        *See* Settlement Agreement, ¶ 7.

e.    The terms of the settlement agreement will be held strictly in confidence, and will not be disclosed by the parties or anyone acting on their behalf or in concert with them to anyone, except to counsel, tax professionals and any government agencies to which such disclosure is required by law, and then only to the extent of the information required to be disclosed by law, by lawful subpoena or otherwise. Neither this provision nor any other provision of the settlement agreement subject to this Court's ancillary jurisdiction shall be construed to bar the filing or introduction into evidence of the settlement agreement in the event of an action to enforce any of its terms. If asked, Haddad shall make no statement about this settlement agreement, the underlying settlement and lawsuit, or the resolution thereof, except that the lawsuit is resolved and his dispute with MPC is over.

*See* Settlement Agreement, ¶ 8.

**SO ORDERED**.

ENTERED: October 12, 2023.

                                             /s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT